# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § § § § § § § § | **CASE NO. 6:13CR39(2)** |
| **vs.** | | |
| **MAURICE DESHUN JONES** | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On August 19, 2014, United States District Judge Michael H. Schneider referred the above-styled criminal matter to the undersigned to address Defendant's Motion to Determine Admissibility of Statement (docket no. 118) and Defendant's Motion for a Hearing to Determine if a *Bruton* Issue Exists (docket no. 119). The Court granted the request for a hearing on August 20, 2014 and conducted a hearing on Defendant's motions on August 22, 2014. The Court recommends that Defendant's Motion to Determine Admissibility of Statement, construed as a motion to suppress, be **DENIED**. Based upon the representations made at the hearing, there is no *Bruton* issue before the Court.

## PROCEDURAL HISTORY

On April 24, 2013, a federal grand jury returned an Indictment charging Defendant with three counts of Interference with Commerce by Threats or Violence – Hobbs Act Conspiracy, in violation of 18 U.S.C. § 1951(a), one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and one count of Aiding and Abetting in violation of 18 U.S.C. § 2. At the hearing on August 22, 2014, Defendant stated that the Motion to Determine Admissibility of

Statement is, in effect, a motion to suppress statements made by Defendant to police officers on January 29, 2013 and May 5, 2013. With regard to the Motion to Determine Whether a *Bruton* Issue Exists, the parties agreed on the record that there currently is not a *Bruton* issue in this case. The Government represented that it does not intend to offer into evidence any non-testifying co-defendant statements.

## DEFENDANT'S STATEMENTS

Detective Greg Compton of the Jacksonville Police Department testified that he interviewed Defendant on January 29, 2013 in an interview room at the police department. The interview lasted approximately one-and-a-half hours. Det. Compton made an audio and video recording of the interview. Defendant did not object to the recording being made a part of the record for purposes of the suppression hearing. Det. Compton testified that Plaintiff sat across from him at a table for the interview. No one else entered the room during the interview. Det. Compton stated that he read the *Miranda* warnings to Defendant before asking him any questions. At no time did Defendant request a lawyer, ask for a break or indicate that he needed food or water. According to Det. Compton, Defendant spoke voluntarily and without apprehension.

On cross-examination, Det. Compton testified that he previously talked to Defendant in November 2012. Defendant indicated at that time that he would come in to talk to Det. Compton, but never did. At the time of his January 29, 2013 interview, Defendant was in custody as a result of traffic ticket warrants. Det. Compton stated that he did not know who issued the warrants or executed them.

The Court admitted into evidence the audio and video recording of the interview. The recordings are entirely consistent with Det. Compton's testimony. The recordings reveal that

Det. Compton started the interview by stating his name and the date, time and location of the interview. He then confirmed Defendant's name and date of birth. At that point, Det. Compton reviewed Defendant's *Miranda* rights with him. He specifically stated that Defendant has the right to remain silent, that he does not have to make any statement and that any statement he does make may be used against him at trial. Next, Det. Compton informed Defendant that he has the right to talk to a lawyer and to have that lawyer present during questioning if he wishes, and if he cannot afford a lawyer one would be appointed to represent him before any questioning. Lastly, he informed Defendant that he could terminate the interview at any time. Defendant stated that he understood his rights and that he would waive his right to remain silent and proceed with Det. Compton's questioning.

Detective James Oden of the Jacksonville Police Department testified that he interviewed Defendant on May 5, 2013. Det. Oden also interviewed Defendant in an interview room at the police department. Authorities arrested Defendant on the Indictment forming the basis of this case on that same date. Det. Oden made both an audio and video recording of the interview. Det. Oden explained, however, that the video portion of the recording starts after the audio portion because he had to separately start the video recording. Det. Oden testified that F.B.I. Special Agent Pat Boland participated in the interview. Det. Oden stated that he read the *Miranda* warnings to Defendant prior to questioning him. In addition to the recording of the interview, the Government offered into evidence a copy of an Advice of Rights form signed by Defendant, Agent Boland and Det. Oden. Defendant did not object to admission of the recording or the consent form for purposes of the suppression hearing and the Court admitted the exhibits into evidence.

The recording of the interview and the consent form are entirely consistent with Det. Oden's testimony. The recording of the interview reveals that Agent Boland started the recording by stating the date, time and location of the interview. He then confirmed Defendant's name and introduced himself and Det. Oden. Agent Boland advised Defendant that he had a federal arrest warrant for Defendant arising out of the Indictment in this case. He told Defendant about the serious nature of the charges. Then, Agent Boland stated that because Defendant was under arrest, he needed to be advised of his right. Agent Boland proceeded to advise Defendant that he has the right to remain silent, that he does not have to make any statement and that any statement he does make could be used against him in court. Next, Agent Boland notified Defendant that he has the right to talk to a lawyer for advice before questioning, that he can have his lawyer present during questioning and that a lawyer would be appointed for him before any questioning if he cannot afford one. Finally, Agent Boland advised Defendant that he could stop answering questions at any time if he chose to proceed with questioning. Defendant stated that he understood these rights, he felt physically well and was not under the influence of anything, and that he was willing to talk to Agent Boland and Det. Oden.

Agent Boland then presented Defendant with a consent form. He asked Defendant to read the form and then sign it. The consent form expressly states, "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present." The rights identified on the form include:

> You have the right to remain silent.
> Anything you say can be used against you in court.
> You have the right to talk to a lawyer for advice before we ask you any questions.
> You have the right to have a lawyer with you during questioning.
> If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
> If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

The form states that Defendant signed the form at the Jacksonville Police Department on May 5, 2013 at 10:30 a.m. *See* Exhibit 3, admitted into evidence at the hearing on August 22, 2014.

## APPLICABLE LAW

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966). A person in custody that is subjected to interrogation must "be informed in clear and unequivocal terms that he has the right to remain silent," warned "that anything said can and will be used against the individual in court," and advised that "he has the right to consult with a lawyer and to have the lawyer with him during interrogation" and that "if he is indigent a lawyer will be appointed to represent him." *Id*. at 474-75. These four warnings, referred to as "*Miranda* rights," must be given during the custodial interrogation of a suspect for his statement to be admissible. *Dickerson v. U.S*., 530 U.S. 428, 436, 120 S.Ct. 2326, 2331 (2000). "The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.' " *Duckworth v. Eagan*, 492 U.S. 195, 203, 109 S.Ct. 2875 (1989) (quoting *California v. Prysock*, 453 U.S. 355, 361, 101 S.Ct. 2806 (1981)).

"When a defendant challenges the voluntariness of a confession, the government must prove its voluntariness by a preponderance of the evidence in order for the confession to be admissible as substantive evidence at the defendant's criminal trial." *United States v. Bell*, 367 F.3d 452, 461 (5th Cir. 2004) (citation and internal quotation marks omitted). "A confession is voluntary if, under the totality of the circumstances, the statement is the product of the accused's free and rational choice." *United States v. Broussard*, 80 F.3d 1025, 1033 (5th Cir. 1996). A

5

statement may be deemed involuntary if there is coercive police conduct and a link between that conduct and the confession. *Colorado v. Connelly*, 479 U.S. 157, 163-65, 107 S.Ct. 515 (1986).

## DISCUSSION AND ANALYSIS

Having heard the testimony presented at the suppression hearing, reviewed the audio and video recordings of Defendant's interviews, and considered the consent form signed by Plaintiff during his May 5, 2013 interview, it is clear that Defendant received his *Miranda* warnings prior to questioning and that he waived his rights. Det. Compton fully informed Defendant of his rights before questioning Defendant at the January 29, 2013 interview. Defendant waived his rights and agreed to talk to Det. Compton. The recording reveals a voluntary statement by Defendant. Similarly, Agent Boland fully informed Defendant of his rights before questioning Defendant on May 5, 2013. Defendant understood his rights and waived them before Agent Boland started questioning him.

Defendant did not articulate any basis for asserting that his statements were coerced and there is no evidence before the Court that Defendant was coerced in any way. The totality of circumstances support a conclusion that Defendant was properly apprised of his *Miranda* rights and he provided a knowing and voluntary statement to law enforcement officers on January 29, 2013 and May 5, 2013. Defendant's motion to suppress should be denied.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's motion to suppress (docket no. 118) be **DENIED**.

In open court at the hearing, the Government and Defendant agreed to serve and file any written objections to the findings and recommendations of the magistrate judge within seven days after the Report and Recommendation is filed. A party's failure to file written objections to

the findings, conclusions and recommendations contained in this Report within seven days after filing shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

So ORDERED and SIGNED this 25th day of August, 2014.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE